Richter, Appellant, *v.* Friedrich.

Argued October 11, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*A. S. Longbottom* of *Byron, Longbottom, Pape & O'Brien,* for appellant.

*Raymond A. White, Jr.,* for appellee.

OPINION BY STADTFELD, J., December 16, 1933:

This is an appeal by plaintiff from the order of the

lower court discharging a rule for judgment for want of sufficient affidavit of defense.

Plaintiff filed a statement of claim in an action of assumpsit in which he averred that on January 1, 1931, he was the owner and holder of 500 shares of common stock in the Allied Drug Products Company for which he had paid the sum of $3,500, being $1,000 in excess of its par value; that on or about said date he contemplated instituting certain legal proceedings in connection with the affairs of said company, whereupon the defendant, who was largely interested in said company, agreed to pay plaintiff the sum of $2,750, being reimbursement of the sum of $1,000 in excess of par value of said stock, plus $1,750 covering accountant's services which had been rendered to plaintiff in connection with the affairs of said company; that it was further agreed by and between plaintiff and defendant, that plaintiff should retain the 500 shares of common stock for a period of one year, and that at the end of said period, defendant would pay to plaintiff the sum of $1,625 and receive an assignment of said 500 shares of stock if said Allied Drug Products Company did not have a satisfactory increase in business, and did not show earnings applicable towards dividends on its common stock within said period; that on or about January 7, 1931, plaintiff in writing confirmed said agreement, and on or about January 9, 1931, defendant in writing confirmed said agreement. Copies of said alleged written confirmations are attached to said statement marked Exhibit "A" and Exhibit "B" respectively.

Exhibit "A" is copy of a letter from plaintiff to defendant, dated January 7, 1931, wherein plaintiff refers to a letter of defendant dated December 26th (no copy being attached) and to the conversation on January 1st, and then states his, plaintiff's confirmation of the alleged understanding as follows: that the

writer accepts payment in the amount of $2,750, covering refund of $1,000 on purchase price of the 500 shares of common stock referred to, and $1,750 to cover the account of Mr. Farrington who prepared data on which plaintiff's application for receivership was based; that the payment is accepted with the understanding that plaintiff retain his 500 shares of stock for one year, and if, upon the expiration of said period, defendant is unable to declare dividends on the common stock, defendant is obligated to buy said stock at par less half of Mr. Farrington's account. It further states that if defendant's plans of operating the Allied Drug Company show promise of being successful, plaintiff will accept defendant's offer for plaintiff to become a director, in consideration of defendant assigning to plaintiff 500 additional shares of common stock, and to pay traveling expenses involved in the performance of duties as a director.

Plaintiff in said letter asks for confirmation if the letter is in accordance with defendant's understanding, and that the arrangement referred to is entered into with the understanding that the obligations assumed will retire plaintiff's claim against the company in the event that defendant shall not have been able to declare dividends on common stock January 1, 1932.

Exhibit "B" is copy of letter from defendant to plaintiff, dated January 9, 1931, acknowledging receipt of plaintiff's letter and stating defendant's understanding that the latter agreed to pay $2,750 within 60 days and plaintiff to keep his stock for one year; and that if the Allied Drug Products Company does not show a satisfactory increase in business and properly show some earnings on its common stock, defendant is to pay plaintiff $1,625 and defendant to receive a return of the 500 shares of stock. It further states that nothing was mentioned about Mr. Farrington's

fee for 1931; and that in regard to plaintiff becoming a director of the company, defendant had offered 500 shares of stock if plaintiff would become a director "right now and make no cash settlement, but if Mr. Richter will come in as a director in about two or three years from now I cannot pledge myself for anything as to them."

To this statement of claim, an affidavit of defense was filed wherein defendant avers that he does not know how much plaintiff paid for the said stock, and that the same was not bought from the defendant but in the open market from a brokerage house in Newark, New Jersey. Defendant admits that plaintiff and one Farrington had threatened to file a petition for receivership against the Allied Drug Company. Defendant admits that he paid plaintiff $2,750 upon the terms and conditions set forth in the letter dated January 9, 1931, marked Exhibit "B" of plaintiff's statement of claim and avers that there is nothing in said letter which states that there shall be any earnings applicable on dividends on its common stock within the period stated and that said letter, Exhibit "B," contains the true and full understanding of the defendant in the matter, and denies that Exhibit "A" is a confirmation of the agreement and does not state the terms and conditions of the agreement between the plaintiff and the defendant. He further avers that the $2,750 was paid upon the basis of the letter of January 9, 1931. Defendant also avers that said Drug Company did show for a period of one year from January 31, 1931, a satisfactory increase in business; that it showed an increase in sales from $595,000 to $610,000 and for the eleven months period ending December 31, 1931, showed a profit of $77,435.80. Defendant avers that he believes and will prove at the trial that the business has met the terms and conditions of the letter of January 9, 1931 and does show a satis-

factory increase under the circumstances and economic conditions of the year 1931 up to and including January 31, 1932, and that there are earnings applicable to the common stock of the company. Defendant avers that under the terms and conditions of the letter of January 9, 1931, it was not provided that a dividend should be declared, either on the common or preferred stock, and that the terms and conditions of the letter have been complied with by the business of said company.

A rule for judgment was taken for want of a sufficient affidavit of defense, assigning as reasons in support thereof that the averment as to a satisfactory increase of business and in relation to earnings applicable to the common stock is a conclusion and does not answer the averments of the statement of claim, and that the affidavit of defense is otherwise vague, indefinite and inconsistent. This rule, after argument before WALSH, J., was discharged. From that order this appeal was taken. The assignments of error are based on the same reasons as the rule for judgment.

The terms of the alleged contract, on which plaintiff bases his action, are set forth in plaintiff's letter of January 7, 1931, which refers to a letter of defendant dated December 26, and to a conversation between the parties on January 1, and contains, inter alia, provisions for declaration of dividends on common stock, and, in the event of inability to do so, defendant is to buy plaintiff's stock at par, less half of Mr. Farrington's account. It also provides for plaintiff becoming a director of the company. The letter of defendant dated January 9, 1931, Exhibit "B", attached, does not accept the terms of plaintiff's letter either as to the payment of dividends or of the conditions under which plaintiff was to become a director. Defendant's letter provided for the purchase of the stock if the company did "not show a satisfactory increase in

business and properly show some earning on our common stock." It does not contain any reference to Mr. Farrington's account. There was clearly no meeting of the minds. In addition plaintiff does not attach a copy of defendant's letter of date December 26. The statement avers that at the expiration of one year the company "had not had a satisfactory increase in business, and did not show earnings applicable towards dividends on its common stock." It does not aver who was to pass on the question of satisfactory increase of business or earnings applicable towards dividends. The declaration of dividends necessarily depends on the exercise of proper judgment by the directors of the company and not on the judgment of plaintiff. The statement is not self-sustaining. The averments of the affidavit of defense are as definite as are the averments of the statement of claim. There are apparently disputed questions of fact which would have to be submitted to a jury, even if the statement of claim were sufficient.

"On an appeal from an order refusing a judgment for want of a sufficient affidavit of defense, the order will be affirmed unless it is 'clear and free from doubt' that the lower court erred in refusing to enter the judgment." Wailes Dove-Hermiston Corp. v. Walworth Co., 99 Pa. Superior Ct. 19. To same effect Phila. v. Merchant & Evans, 289 Pa. 578.

The assignments of error are overruled and the order of the lower court is affirmed.